UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

───────────────────────────────────────────────────────────────────

WANDA LEE JONES,

        Plaintiff,

v.                                 **ORDER**
                                  Civil File No. 06-3369 (JMR/RLE)

MARY ANN STONEKING and
ROBERT J. STONEKING,

        Defendants.

───────────────────────────────────────────────────────────────────

Shannon M. O'Toole, Esq.; David Garelick, Larry Leventhal & Associates, Counsel for Plaintiff.

Daniel A. Beckham, Gislason & Hunter, LLP, Counsel for Defendants.

───────────────────────────────────────────────────────────────────

**I.      INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Attachment or Preliminary Injunction [Docket No. 8]. The Court heard oral argument on September 11, 2006.

**II.     FACTUAL BACKGROUND**

Plaintiff Wanda Lee Jones ("Jones") is a judgment creditor, following a trial in which she was awarded a judgment of $346,143.11. Defendants are Robert J.

Stoneking ("Stoneking"), the judgment debtor, and Mary Ann Stoneking ("MA Stoneking"), Stoneking's wife.

On October 28, 2002, Stoneking was convicted on felony criminal sexual conduct against Jones. (Garelick Aff. ¶ 4.). Jones brought a civil action agaist Stoneking in this Court pursuant to 42 U.S.C. § 1983 and state tort law claims. Following a jury trial as to Stoneking's liability before the Honorable Joan N. Ericksen, Jones was awarded actual damages in the amount of $100,000 and punitive damages in the amount of $60,000. Judge Ericksen awarded attorneys fees to Jones in the amount of $186,143.11. The trial judgment and amended judgment total $346,143.11. (Garelick Aff. Exhs. A, A1.)

During the civil case, Stoneking transferred his interest in commercial resort property to MA Stoneking. The property originally consisted of two parcels ("Parcel I" and "Parcel II"). MA Stoneking purchased title to Parcel I in 1987, and both Stoneking and MA Stoneking purchased title to Parcel II in 1993. (Stoneking Aff. Exhs. A, B.) Defendants jointly sold the property for $700,000 by a contract for deed ("Contract") to Partridge Point LLC ("Partridge Point"), executed June 22, 2000, on which $483,067 is owing. They received a cash payment of $150,000 earnest money with the remainder payable over several years with an annual payment of $51,523.33. (Garelick Aff. Exh. C.) An annual payment of $51,523.33 by September 15, 2006 is due under the Contract. (Garelick Aff. Exh. B.)

On or about December 10, 2003, Plaintiff served Stoneking with a Notice of Taking Deposition on December 22, 2003. (Garelick Aff. Exh. D.) On Dec. 19, 2003, Stoneking transferred his interest in the Contract via quit claim deed to MA Stoneking. (Garelick Aff. Exh. E.) During the December 22 deposition, Stoneking did not mention that he had just quit claimed his interest in the Contract, even though he was questioned about his interest in the Contract. (Garelick Aff. Exh. F.) Stoneking later executed an amendment to the Contract to correct the legal description, on July 15, 2005. (Garelick Aff. Exh. G.)

The Complaint alleges fraudulent transfer by Stoneking to his wife, MA Stoneking. Jones seeks either attachment pursuant to Federal Rule of Civil Procedure 64 and Minnesota Statutes § 571.01-.14, or a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 to enjoin Partridge Point from paying Defendants and require it to make the payment into the Court pending resolution of the action.

## III. DISCUSSION

Federal Rule of Civil Procedure 64 provides:

At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held . . . remedies thus available include arrest, attachment . . .
Under Minnesota law, a claimant may "[a]s a proceeding ancillary to a civil

action for the recovery of money . . . have the property of the respondent attached in the manner and in the circumstances prescribed in sections 570.01 to 570.14, as security for the satisfaction of any judgment that [she] may recover." Minn. Stat. § 570.01 (2000). An order for attachment may be issued if the claimant has demonstrated the probability of success on the merits, and the claimant has demonstrated facts that show the existence of at least one of the grounds stated in section 570.02. Minn. Stat. § 570.026. Minnesota Statute Section 570.02 states that there are grounds for attachment "when the respondent has assigned, secreted, or disposed of, or is about to assign, secrete, or dispose of, any of the respondent's nonexempt property, with intent to delay or defraud the respondent's creditors." Minn. Stat. 570.02(1).

There is compelling evidence that Stoneking transferred his interest in the property to his wife with the intent to delay or defraud Jones. See Morrison v. Doyle, 570 N.W.2d 692 (Minn. Ct. App. 1997) (finding evidence that defendant transferred money intended for, and money from, a trust of which he was a beneficiary to his family members and to his personal checking account was sufficient to infer intent to delay and defraud creditors and support an order of attachment), rev'd on other grounds, 582 N.W.2d 237 (Minn. 1998). Stoneking quit claimed his interest in the Contract during the civil action to determine his civil liability to Jones, after his conviction on felony sexual assault against her. He

transferred his interest in the Contract after he received notice of his deposition. During his deposition, he was asked about his interest in the property and the Contract. Although Stoneking was not directly asked if he had recently transferred his interest in the property to his wife, a fact Defendants' counsel finds significant, the Court finds that this argument is disingenuous. During the deposition, Stoneking was asked about his interest in the property and the Contract, and he specifically avoided mentioning his transfer by quit claim, which had occurred just days earlier.

In addition, the Court finds that Jones is likely to succeed on the merits of her claim brought under Minnesota's Uniform Fraudulent Transfer Act. Minn. Stat. §§ 513.41-.60 (2002) ("UFTA"). Under the UFTA, a transfer by a debtor is fraudulent if the debtor made the transfer "with actual intent to hinder, delay, or defraud any creditor." Minn. Stat. § 513.44(a)(1). In determining actual intent, the statute contains a lengthy list of "badges of fraud" to aid the court in determining actual intent. Minn. Stat. § 513.44(b); Citizens State Bank of Hayfield v. Leth, 450 N.W. 2d 923, 927 (Minn. Ct. App. 1990). Among these factors are whether the transfer was to an insider; the transfer was concealed; the debtor had been sued or threatened with suit; and the transfer was of substantially all the debtor's assets. Stoneking transferred his interest to an insider– his wife. He also failed to disclose this transfer, and transferred his

interest after the commencement of Jones's civil action, following his conviction for sexual assault against her. Finally, it appears that the transfer constituted a complete transfer of all Stoneking's assets, rendering him insolvent. Thus, many of the "badges of fraud" appear to be present in this case, and Jones is likely to succeed on the merits of her claim under the UFTA.

**IT IS HEREBY ORDERED** that

1) The Motion for Attachment [Docket No. 8] is **GRANTED**.

2) The $51,523.33 payment due from Partridge Point LLC on September 15, 2006 shall be paid into the Court by the party holding it. The Clerk of the Court shall place such monies so attached in an interest bearing account pending further order of the Court.

3) Plaintiff shall post with the Clerk of Court a bond or cash equivalent in the amount of $500.00 for the payment of such costs or damages as may be allowed to Robert Stoneking or Mary Ann Stoneking.

4) Plaintiff's alternative motion for a Preliminary Injunction is **DISMISSED** as moot.


Dated: September 12, 2006             s / Michael J. Davis
                                      Judge Michael J. Davis
                                      United States District Court